IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DONALD H. JENKINS,  #31663-018, | ) Civil Action No.  3:10-1968-CMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FEDERAL BUREAU OF PRISONS, ET. AL; | ) **REPORT AND RECOMMENDATION** |
| HARLEY LAPPIN, DIRECTOR; | ) |
| MR. SIMMONS, FOOD SERVICE | ) |
| ADMINISTRATOR; AND | ) |
| MR. SIMON, COOK FORMAN, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff filed this action, pro se, on July 30, 2010.[1] He is currently an inmate at the Federal Correctional Institution in Talladega, Alabama. At the time of the alleged incidents, he was an inmate at the Federal Correctional Institution in Bennettsville, South Carolina ("FCI-Bennettsville"). Defendants are the Federal Bureau of Prisons ("BOP"); BOP Director Harley Lappin ("Lappin"); Mr. Simmons, the Food Service Administrator at FCI-Bennettsville; and Mr. Simon, the Cook Foreman at FCI-Bennettsville. Defendants filed a motion to dismiss on January 4, 2011. Plaintiff, because he is proceeding pro se, was advised on January 6, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of his complaint. Plaintiff filed a response on February 3, 2011, and Defendants filed a reply on February 11, 2011. Plaintiff filed an additional response on March 3, 2011.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

## STANDARD OF REVIEW

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dept. of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

**DISCUSSION**

While incarcerated at FCI-Bennettsville, Plaintiff had a job as a kitchen worker. He appears to allege that Defendants knew of unsafe conditions in the kitchen. Plaintiff and other inmates were tasked with cleaning dirty chicken pans. He claims that Defendants Simmons and Simons instructed the pots and pan crew to put hot water in a fifty-five gallon plastic trash can to soak the pans to make them easier to clean. Plaintiff heated water in a tilt skillet and poured it into the trash can. He claims he had to heat the water in the tilt skillet because the hot water spout in the dish sink was broken. After Plaintiff put hot water in the trash can, he began to drag it to the dish room where the pots and pans were. Plaintiff claims that the kitchen floor was slippery because of chicken grease on the floor. He lost his footing and pulled the trash can (which was made of thin plastic and was soft and buckled from the hot water) over on himself. Plaintiff received second and third degree burns over twenty-two percent of his body and was taken to a hospital in Augusta, Georgia where he remained for twenty-four days. Plaintiff claims he has scars as a result of the incident. Complaint at 5-6. Defendants contend that their motion to dismiss should be granted because: (1) this Court does not have subject matter jurisdiction over a Bivens action against Defendants in their official capacities; (2) sovereign immunity deprives this Court of subject matter jurisdiction over the BOP; (3) this court does not have personal jurisdiction over Lappin; (4) Plaintiff has not exhausted his administrative remedies; (5) the pleadings do not comply with Rule 8(a)(2); (6) Plaintiff has failed to state a claim upon which relief can be granted; (7) Defendants are entitled to qualified immunity; and (8) supervisory liability does not attach to Defendants Lappin or Simmons.

Plaintiff, who appears to allege an Eighth Amendment claim, appears to have brought his claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in Bivens actions and vice versa. Farmer v. Brennan, 511 U.S. 825 (1994); see also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Osabutey v. Welch, 857 F.2d 220, 221-223 & n. 5 (4th Cir. 1988).

1.     Subject Matter Jurisdiction/Sovereign Immunity

Defendants Lappin, Simmons, and Simon contend that this court lacks subject matter jurisdiction to hear Plaintiff's claims against them in their official capacities. Defendant BOP argues that Plaintiff cannot bring a Bivens action against it.

The United States cannot be sued without its consent, and consent is a prerequisite to a suit against the United States. United States v. Mitchell, 463 U.S. 206, 212 (1983). A Bivens action may not be brought against agencies or departments of the United States. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies). Hence, the BOP is entitled to summary dismissal.

The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants. Gilbert v. Da Grossa, 756 F.2d 1455, 1458 (9th Cir. 1985); cf. Hawaii v. Gordon, 373 U.S. 57, 58 (1963). Claims against Defendant in their official capacities, to the extent that Plaintiff is seeking monetary damages, are barred by the doctrine of sovereign immunity. See Hagemeier v. Block, 806 F.2d 197, 202 (8th Cir. 1986), cert. denied, 481 U.S. 1054 (1987); Gilbert, 756 F.2d at 1458. Thus, this court lacks subject matter jurisdiction as to Plaintiff's Bivens claims for monetary damages against Defendants Lappin, Simmons, and Simon in their official capacities.

2.     Administrative Remedies

Defendants contend that Plaintiff failed to exhaust his available administrative remedies as to his Bivens claims. They assert that Plaintiff admits (as evidenced by the Complaint and Plaintiff's attachment thereto) that he has not exhausted his remedies because he did not make any attempt to file at the national level, which is the required final level of agency review.

The Bureau of Prisons ("BOP") has a three-tiered administrative grievance process. See 28 C.F.R. §§ 542.10 et seq.; see also Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md.1997). An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. § 542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint (Administrative Remedy Request - on a BP-9 form) to the Warden. 28 C.F.R. § 542.14. The matter will be investigated, and a written response provided to the inmate. Id. If dissatisfied with the response, the inmate may appeal (on a BP-10 form) to the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the regional response, the inmate may appeal (on a BP-11 form) to the General Counsel. Id. Appeal to the General Counsel is the final level of agency review. 28 C.F.R. § 542.15(a). A claim has not been

administratively exhausted until it has been filed with the General Counsel. Administrative complaints must be filed within 20 days of the date of incident giving rise to the complaint occurred. 28 C.F.R. § 542.14(a).

Plaintiff failed to exhaust his available administrative remedies prior to filing this action. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The Fourth Circuit, in Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674 (4th Cir. 2005), held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and the failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies." Id. at 683.

Plaintiff appears to argue that he did not exhaust his remedies because he thought that it would be futile to attempt to do so. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718

(7th Cir. 2001)(exhaustion required even though Plaintiff claimed he was afraid). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir.1999), cert. denied, 532 U.S. 1065 (2001); see also Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)("It is beyond the power of this court-or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.")(quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp.2d 884, 894-895 (S.D.N.Y.1998)). Here, although Plaintiff's initial filing of his grievance may have been delayed due to his hospitalization after the accident, there is no indication that Plaintiff was prevented from filing the final appeal which he chose not to do.[2]

---

[2]In his memorandum in opposition to Defendants' motion to dismiss, Plaintiff also appears to allege that he filed an administrative claim under the Federal Tort Claims Act ("FTCA"). The FTCA provides a limited waiver of sovereign immunity whereby the United States government submits itself to be sued in limited situations for negligent acts by its employees, in which private individuals under similar circumstances would be liable under state law. 28 U.S.C. § 1346(b) and §§ 2671 et seq. A suit under the FTCA lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2d Cir. 1975).

Plaintiff may have a remedy under the Inmate Accident Compensation Act ("IACA") which provides an accident compensation procedure "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). Federal prisoners cannot recover under the FTCA for work-related injuries as the IACA provides the exclusive remedy for injuries incurred in work-related incidents. See United States v. Demko, 385 U.S. 149 (1966). Recovery is barred under the FTCA for the work-related injury itself and for the negligent treatment of that injury. Vander v. U.S. Dept. of Justice, 268 F.3d 661 (9th Cir. 2001). A "work related injury" is "defined to include any injury including occupational disease or illness proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a). "The cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980)(per curiam).

7

      3.      Failure to Protect/Negligence

Plaintiff appears to allege that Defendants failed to protect him from harm. He claims that Defendants knew that the hot water spout in the dish room was broken and should have known of the dangers of having him place hot water in a plastic trash can to soak the pans. Defendants contend that Plaintiff did not allege in his complaint that either Defendant Simmons or Defendant Simon told him to move the trash can once it had hot water in it, which is what Plaintiff admits caused the accident. They argue that at most Plaintiff has alleged negligence which is not sufficient to state a constitutional claim.

Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). Not every injury suffered by one inmate at the hands of other inmates, however, translates into constitutional liability for the prison officials responsible for the victim's safety. See Farmer v. Brennan, 511 U.S. at 835. In Farmer, the Supreme Court defined deliberate indifference, holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id., at 847. The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregard that risk. "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id., at 837. While the objective information known to the official may be used to infer the knowledge he actually had, and to draw inferences about his actual state of mind, those inferences are not conclusive.

In his complaint, Plaintiff did not allege that Defendants Simmons or Simon told him to move the trash can once it had hot water in it. Plaintiff admits that the trash can fell over as he was trying to move it. See Complaint at 5-6. He submitted an affidavit from another inmate (Stanley Singletary) who states that Simmons told the kitchen crew to fill the trash can with hot water out of the skillet and drop the chicken pans into it. Singletary Aff. (attachment to complaint). In his reply in opposition to Defendants' motion to dismiss, Plaintiff for the first time alleges that "Simmons and Simon told the inmates to put the boiling hot water into a 55 gallon "plastic trash[]can[."] Then for them to drag the plastic trash[]can filled with hot water back into the dish room, which was around 25 feet." Plaintiff's Opp. Mem. at 2. Plaintiff, however, has not amended his complaint to add any such new allegations.

Further, Plaintiff at most appears to have stated a claim for negligence on the part of Defendants Simmons and Simon. Negligence, in general, is not actionable under 42 U.S.C. § 1983 or Bivens. See Daniels v. Williams, 474 U.S. 327, 238-36 & n. 3 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Dep't. of Social Services, 489 U.S. 189, 200-03 (1989).

4.     Supervisory Liability

Defendants Lappin and Simmons contend that they cannot be held liable on a theory of supervisory liability. The doctrine of respondeat superior generally is inapplicable to § 1983 and Bivens actions, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d

1133, 1142-43 (4th Cir. 1982); Wright v. Smith, 21 F.3d 496 (2d Cir. 1994); and Howard v. Federal Bureau of Prisons, 1999 WL 798883, 198 F.3d 236 (4th Cir. 1999)[Table]. Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

Here, Plaintiff fails to show that Defendant Lappin[3] should be held liable pursuant to a theory of supervisory liability. Plaintiff has not alleged that Lappin was involved in the alleged incidents. Although he alleges that Lappin is responsible for reviewing administrative appeals of grievances filed by inmates in the BOP, Plaintiff has not alleged that Lappin knew of or had actual knowledge of the alleged incidents and does not allege that he ever submitted an appeal of these matters to Lappin (he never attempted to file a grievance at the national level - see Complaint at 19, and attachments).

     5.     Qualified Immunity

The individual Defendants contend that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

---

[3]Plaintiff appears to allege that Defendant Simmons told him to clean the pans in the trash can.

10

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that these Defendants violated his established constitutional or statutory rights. Therefore, these Defendants are entitled to qualified immunity in their individual capacities.

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion to dismiss (Doc. 19) be granted.

Joseph R. McCrorey
United States Magistrate Judge

April 29, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).