IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Donald H. Jenkins, #31663-018, ) | C/A No.: 3:10-1968-CMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Mr. Simmons, Food Service Administrator; and ) | |
| Mr. Simon, Cook Foreman, ) | |
| ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's Motion for Reconsideration (ECF No. 81, filed Jan. 26, 2012). Plaintiff seeks reconsideration of an Order denying Plaintiff's motion to compel, issued by Magistrate Judge Joseph R. McCrorey. Defendants have responded in opposition to the motion. ECF No. 85 (filed Feb. 13, 2012). The undersigned has construed this as an appeal to this court of the Magistrate Judge's ruling on a non-dispositive matter.

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial matters. During the course of proceedings in this matter, Plaintiff filed several motions for discovery, seeking "all the discovery I am entitle[d] to have." Mot. for Recon. at 1 (ECF No. 81, filed Jan. 26, 2012). *See also* Motion for Discovery (ECF No. 49, filed Oct. 11, 2011); Mot. to Compel (ECF No. 69, filed Dec. 12, 2011). The Magistrate Judge denied Plaintiff's various motions. Each order addressed Plaintiff's mistaken belief that he was "entitled" to discovery. *See*, *e.g.*, Order (ECF No. 32, filed Apr. 29, 2011) ("Plaintiff fails to show that Defendants are required to provide him with discovery pursuant to Rule 26. An action brought without counsel by a person in custody of a state or a state subdivision is exempt from the

initial disclosures under Rule 26(a)(1). See Fed. R. Civ. P. 26(a)(1)(B) and Local Civil Rule 26.01 DSC."); Order (ECF No. 59, filed Nov. 1, 2011) ("Plaintiff fails to show that Defendants are required to provide him with discovery pursuant to Rule 26. An action brought without counsel by a person in custody of a state or a state subdivision is exempt from the initial disclosures under Rule 26(a)(1). See Fed. R. Civ. P. 26(a)(1)(B) and Local Civil Rule 26.01 DSC.")'; Order (ECF No. 75, filed Jan. 6, 2012).

On January 6, 2012, Plaintiff filed a motion titled "Renewed Motion to Compel." ECF No. 73. Plaintiff stated that in previous motions, he "made his discovery requests clear on multiple occasions . . . ." Mot. at 1. The Magistrate Judge denied this motion, indicating that "Plaintiff's motion to compel is untimely and Plaintiff never requested specific discovery from the Defendants. The scheduling order in this action provided that discovery was to be completed by November 15, 2011, and that all 'requests shall be served in time for the responses thereto to be served by this date.'" Order at 1 (ECF No. 79, filed Jan. 26, 2012) (quoting Scheduling Order).[1]

In the motion for reconsideration, Plaintiff argues that Magistrate Judge McCrorey's order should be reconsidered because (1) he is *pro se* and unaware of the legal intricacies in civil litigation; (2) he has filed several discovery motions, and (3) "I have enclosed another Motion for Discovery and I ask[ ] this Honorable Court to Order the defendants to give me the discovery that I am entitle[d] to have." Mot. at 1.

With respect to a Magistrate Judge's ruling on a nondispositive pretrial matter, a district court shall "modify or set aside any portion of the magistrate's order found to be clearly erroneous or

---

[1] The discovery period in this case expired November 15, 2011, and a motion for summary judgment was filed on behalf of Defendants on November 30, 2011.

2

contrary to law." Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The Supreme Court has stated that a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948).

Plaintiff has made no arguments to the court as to why the Magistrate Judge's Order is clearly erroneous or contrary to law. Nonetheless, the court has reviewed this matter and finds that Magistrate Judge McCrorey's January 24, 2012, Order is not clearly erroneous or contrary to law. Accordingly, the Order is affirmed.[2]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 29, 2012

---

[2]On January 26, 2012, Plaintiff filed a Motion for Discovery which, for the first time, listed specific discovery items which he sought from Defendants. Magistrate Judge McCrorey denied this motion by Order filed March 21, 2012, as the time for discovery has expired in this case. Order (ECF No. 87, filed Mar. 21, 2012).

3